CHILDS ET AL., APPELLANTS, v. LOWENBRUCK, ET AL., APPELLEES.

PRACTICE.

In cases where the testimony was taken before a referee and by him certified to the trial court, the appellate court will upon review, examine the evidence and determine for itself the correctness of the findings of fact.

*Appeal from the District Court of Huerfano County.*

D. McCASKILL, for appellants.

No appearance for appellees.

RICHMOND, P. J., delivered the opinion of the court.

This was a proceeding for the purpose of determining priorities of water rights to water in Water District No. 16, Huerfano county, Colorado.   No complaint is interposed as

to the regularity of all the proceedings, but the appellants prosecute this appeal for the purpose of reversing the finding of the court with reference to the priorities of two ditches mentioned in the petition. Who originally petitioned the court in this matter we are unable to determine, for the reason that the transcript, bill of exceptions, nor the printed abstract favors us with a copy of the petition.

The errors assigned are :—That the court erred in not dating the appropriation of the Hicklin Ditch from April 1st, 1867, instead of April 1st, 1872 ; and, that the court erred in allowing the Zan Ditch, so called, any appropriation ; and, that the court erred in dating the appropriation of water by the Whitman & Mott Ditch, so called, on the 31st of August, 1867, instead of 1873.

Other errors are assigned but they are substantially embraced in the above.

The cause was referred to a referee who took the testimony and reported it with his finding to the court. Thereupon exception was made to the finding of the referee and the exception so made was duly argued and submitted. The court thereupon, after reviewing all the testimony, made its final decree adopting largely the report and finding of the referee.

The argument of counsel for appellants is based entirely upon the insufficiency of the testimony to support the finding and judgment.

We have examined the testimony and feel satisfied that the finding and judgment must be affirmed.

It is true that under the rules of the court where the testimony is taken by a referee, the appellate court will review the testimony and judge of the controversy upon its merits. And in keeping with this rule, notwithstanding the fact that the cause is brought here upon a very meager record, we have reviewed the testimony and reached the conclusion that the finding and decree of the court is sufficiently sustained by it.

It would serve no useful purpose for us to recite in detail the testimony upon which this conclusion is based. It is

sufficient for the purposes of this opinion to say that in our judgment, from the record as presented, no error is apparent which would warrant us in disturbing the decree of the court below.

The decree must be affirmed.

*Affirmed.*